UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-250-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUAN VELEZ VARGAS, | ) | |
| Defendant. | ) | |

This matter is before the court on *pro se* Defendant's Motion for Return of Property [DE-73] pursuant to Fed.R.Crim.P.41(g). The government has filed a response in opposition to Defendant's Motion.

Federal Rules of Criminal Procedure 41(g) provides that:

> [A] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion based on Fed.R.Crim.P.41(g) should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir.2002), *certiorari denied* 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003). The courts, however, have recognized that a motion for return of property is appropriate only if the property is in the possession of the United States. *United States v. Moore*, 2010 WL

4823361 at 1 (W.D.N.C. Nov. 19, 2010); *See United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003)("the government cannot be forced to return property that it never possessed."). The federal government may be held responsible for constructive possession of property retained by state agencies as potential evidence in a federal prosecution. *United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006). The rule directs courts to receive evidence on any factual issue necessary to decide the motion. Fed.R.Crim.P. 41(g).

Here, on March 2, 2009, Defendant was sentenced to 146 months imprisonment after pleading guilty to a three count indictment involving conspiracy, aiding and abetting, and possession with the intent to distribute various quantities of marijuana. Defendant, in the instant motion, has moved for the return of a gold Rolex watch that was allegedly given to the United States Marshals Service while he was detained at the New Hanover County Jail prior to sentencing.

In response, the government states that it has been advised by the United States Marshals Service that their policy is to retain only essentials, such as prescription medicine and eyeglasses. All other property, such as a watch, would be given to the case agent. DEA special agent investigating Defendant's case has advised the government that he has no knowledge of any such watch belonging to Defendant. Finally, the government informs the court that Defendant was initially arrested by local authorities in the Western District of Virginia before being removed to the Eastern District of North Carolina. However, the government claims that while it is possible that Defendant's watch was seized in the Western District of Virginia, the government has no knowledge of any such property.

2

Here, the Court finds that the conflicting information submitted by both parties is insufficient to decide this motion. Therefore, it is hereby ORDERED that both Defendant and the government provide additional evidence, including sworn affidavits, which will further corroborate their respective positions. Defendant, specifically, should provide a sworn affidavit of his allegation which will be subject to the penalty of perjury.[1] Any relevant evidence, from both parties, should be submitted NO LATER THAN 21 DAYS from the date of this order. At that time, the court will make a determination as to whether the motion should be allowed or denied or whether a hearing on this matter is appropriate. The Clerk of Court is DIRECTED to resubmit this motion for the court's review after the time for which both parties are allowed to submit any relevant evidence has elapsed.

SO ORDERED

This, the 12th day of January, 2011.

JAMES C. FOX
Senior United States District Judge

---

[1] Under 18 U.S.C. §1621, if found guilty of perjury, except as otherwise expressly provided by law, Defendant will be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.