UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-250-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUAN VELEZ VARGAS, | ) | |
| Defendant. | ) | |

On January 5, 2010, *pro se* Defendant filed a Motion for Return of Property [DE-73] pursuant to Fed.R.Crim.P.41(g). On January 12, 2010, based upon insufficient evidence, the court issued an order requesting additional evidence, including sworn affidavits, from both parties, to further corroborate their respective positions. Within 21 days of this order, both parties have submitted relevant evidence for the court's consideration. This matter is now ripe for disposition.

Federal Rules of Criminal Procedure 41(g) provides that:

[A] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Here, Defendant has provided a sworn affidavit stating that, on March 9, 2008, he was arrested and detained in the Western District of Virginia. According to this sworn affidavit, Defendant's Rolex watch was originally seized in the Western District of Virginia and then was

subsequently given to the U.S. Marshals Service when he was transferred to the New Hanover County Jail in Castle Hayne, North Carolina. The government has confirmed that Defendant's Rolex watch is currently in the possession of the U.S. Marshals Service in the Western District of Virginia. Because Defendant must file this motion, pursuant to Fed.R.Crim.P.41(g), in the district in which the property was seized, the court is without authority to order the government to return the Rolex watch to Defendant. Therefore, Defendant's Motion for Return of Property [DE-73] is DENIED WITHOUT PREJUDICE. Defendant may refile this motion in the district in which his property was originally seized. In the alternative, the government, having conceded that the U.S. Marshals Service in the Western District of Virginia is in possession of Defendant's property, may return the property to the address provided by Defendant in his original Motion for Return of Property [DE-73].

SO ORDERED

This, the 7th day of February, 2011.

JAMES C. FOX
Senior United States District Judge