UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-250-1-F
No. 5:10-CV-49-F

| | | |
|---|---|---|
| JUAN VELEZ-VARGAS, | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-66] Juan Velez-Vargas's ("Velez-Vargas") Motion to Vacate, Set Aside or Correct his Sentence [DE-59, & -62][1] under 28 U.S.C. § 2255. Velez-Vargas has filed a Response [DE-69] in opposition thereto, and the matter is ripe for disposition.

## FACTUAL AND PROCEDURAL BACKGROUND

Velez-Vargas was named in a three-count Indictment [DE-3], returned on October 23, 2007. He pled guilty to all three counts pursuant to a Memorandum of Plea Agreement [DE-56] on August 4, 2008.[2] One of the terms of the Plea Agreement was the stipulation between Velez-Vargas and the Government that the applicable drug quantity for purposes of calculating Velez-Vargas's sentence was not less than 1,000 and not more than 3,000 kilograms of marijuana. Velez-Vargas stated under oath in open court at his Rule 11 hearing that he understood the

---

[1] Velez-Vargas initially filed his § 2255 motion on February 8, 2010 [DE-59], but at the direction of the Clerk of Court, resubmitted his motion on the correct forms on February 22, 2010 [DE-62].

[2] Count One charged Velez-Vargas with membership in a conspiracy to distribute and possess with the intent to distribute more than 1, 000 kilograms of marijuana; Count Two charged possession with the intent to distribute more than 100 kilograms of marijuana and aiding and abetting; Count Three charged possession with the intent to distribute more than 1,000 kilograms of marijuana and aiding and abetting. Velez-Vargas's guilty plea to these three counts exposed him to two terms of life imprisonment, plus forty years.

stipulation was merely a recommendation, and that it did not bind the court for purposes of determining the drug quantity in calculating his sentence. The Plea Agreement itself also contained that provision.

In preparing the Presentence Report, the United States Probation Officer determined that Velez-Vargas should be held responsible for a total of 4,845.9 kilograms of marijuana. The Presentence Report detailed the evidence on which that calculation had been made. The Probation Officer also summarized the Government's evidence supporting the recommendation that Velez-Vargas had been a manager or supervisor of the drug distribution organization, which involved five or more participants, or that his role was otherwise extensive. Accordingly, a three-point upward adjustment for role in the offense was recommended pursuant to advisory United States Sentencing Guidelines ("USSG") § 3B1.1(b). As calculated by the Probation Officer, Velez-Vargas's advisory USSG range was 151-188 months, based on an offense level of 34 and criminal history category of I.

Velez-Vargas's trial counsel lodged timely objections to both the recommended drug quantity and the §3B1.1(b) upward adjustment for role in the offense. At the sentencing hearing March 2, 2009, [3] the court heard defense counsel's objections and the Government's response. Although the Government elected not to oppose Velez-Vargas's objection to the drug quantity, it urged the court to apply the three-level role adjustment, and was prepared to call its case agent to the stand to testify concerning facts supporting that role adjustment. In light of the Government's concession of the drug quantity objection, defense counsel in consultation with his client, withdrew the role adjustment objection. The court found that a preponderance of the evidence produced at the sentencing hearing, together with the credible and reliable facts reported in the Presentence Report, supported a total offense level of 32 and criminal history of

---

[3] Sentencing was rescheduled several times at Velez-Vargas's request, and he even was assigned substitute counsel between his arraignment and his sentencing hearings.

I, resulting in an advisory Guideline range of 121-151 months. For the reasons articulated in open court, the undersigned imposed a sentence of 146 months.

Velez-Vargas did not appeal his sentence. Within the one-year limitations period, he filed the instant § 2255 motion, alleging that his trial counsel had rendered ineffective assistance in two respects. First, Velez-Vargas contends he specifically directed his attorney to file a notice of appeal. Second, he contends his lawyer was ineffective in withdrawing the timely objection to the three-point upward adjustment for role in the offense.

## STANDARD OF REVIEW

To prevail on an ineffective assistance claim, a petitioner must establish (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" to "avoid the distorting effects of hindsight." *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008). To establish prejudice under *Strickland*, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## ANALYSIS

In support of its Motion to Dismiss, the Government offered the affidavits of Velez-Vargas's trial counsel and the interpreter employed by counsel to communicate with his client during the representation. Both affidavits explain that Velez-Vargas discussed with his attorney potential objections to the Presentence Report and weighed the advantages and disadvantages of one strategy over another. In his Response to the Government's Motion to Dismiss [DE-69], Velez-Vargas admits that he may not actually have advised his lawyer to appeal the sentence

imposed, but contends that he since has come to believe that the court misapplied the § 3b1.1(b) role adjustment in light of Fourth Circuit authority. While he does not cite that authority, he explains that the Government was bound to honor its stipulation concerning the drug quantity lest it be found in breach of the plea agreement. Therefore, he reasons, his lawyer's explanation for withdrawing the objection to the role adjustment – to avoid the risk that the Government might renege on its drug quantity stipulation and agreement to recommend the bottom of the advisory Guideline range – was incredible and constituted abandonment of counsel's role as zealous advocate.

It simply is unnecessary to engage in a protracted analysis of Velez-Vargas's argument. The standard for assessing an attorney's competence is whether his "assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The judgments of counsel based on a "thorough investigation of the law and the facts," are "virtually unchallengeable," *id.* at 690. This determination of reasonableness requires a "context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Id.* at 688; *accord Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted); *see also Cullen v. Pinholster*, No. 09-1088, 2011 WL 1225705 (U.S. April 4, 2011).

In this case, the court ruled in favor of Velez-Vargas as to the drug quantity objection. In the exercise of his professional judgment, defense counsel, having won a critical point, employed the strategy of discretion and elected not to push his luck. The evidence before the court at sentencing, as contained in the Presentence Report and otherwise presented, left significant room for argument as to drug quantity. In light of the facts as they appeared to him at the time, defense counsel concluded his client's best interests would be better served by abandoning the weaker argument rather than jeopardizing the success he had achieved.

The court acknowledges that Velez-Vargas is not satisfied with the sentence he ultimately received. However, the well-settled law applicable to a claim of ineffective assistance of counsel does not permit relief pursuant to § 2255 under the circumstances present here. Accordingly, the Government's Motion to Dismiss [DE-66] is ALLOWED, and Velez-Vargas's §2255 motion [DE-59 & -62] is DENIED.

A Certificate of Appealability is DENIED, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 5th day of April, 2011.

JAMES C. FOX
Senior United States District Judge